IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE THE APPLICATION OF | * |
| | * |
| ANDREAS HARRIS, | * |
|     Petitioner, | *   Civil Action File |
| | *   No.: |
| v. | * |
| | * |
| COURTNEY HAYNES, | * |
|     Respondent. | * |
| | * |

## VERIFIED PETITION FOR RETURN OF A CHILD

Comes now, Petitioner, ANDREAS HARRIS, and respectfully shows this Court as follows:

### 1. INTRODUCTION

1.    This action is brought by ANDREAS HARRIS hereinafter referred to as "Petitioner"), a resident of Sweden, to secure the return of his four (4) year-old daughter, **L.E.M.H.** (hereinafter referred to as the "Child"), who was, without Petitioner's consent or acquiescence, wrongfully taken from the Petitioner and his home in Sweden by the Child's mother **COURTNEY HAYNES** (hereinafter referred to as "Respondent").

Respondent has wrongfully retained the Child with her in the Northern District of Georgia.

2. This Petition is filed pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or the "Convention") and the International Child Abduction Remedies Act ("ICARA"). A copy of the Hague Convention and of ICARA are attached hereto as Exhibits '1' and '2' respectively. The Hague Convention came into effect in the United States of America on July 1, 1988, and <u>has been ratified</u> between the United States of America and Sweden.

3. The stated objects of the Hague Convention in Article I are: Article 1(a): To secure the prompt return of children wrongfully removed to or retained in any Contracting State; and, Article 1(b): To ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States.

4. The Hague Convention authorizes a federal district court to determine the merits of a claim for the wrongful removal or retention of a child; it does not, however, permit the district court to consider the merits of any underlying custody dispute.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this case pursuant to 22 U.S.C. § 9003(a) (jurisdiction under the Hague Convention) and 28 U.S.C. § 1331 (Federal Question jurisdiction). Venue is proper pursuant to 22 U.S.C. § 9003 and 28 U.S.C. § 1391(b) (1) because, upon information and belief, the Child and Respondent are residing at her home located at 1195 Celebration Way, Mableton, Georgia 30126, in the Atlanta Division of the Northern District of Georgia in Cobb County, Georgia.

## III. STATEMENT OF FACTS

6. The Parties met in the United States around 2014. The Respondent became pregnant with L.E.M.H. in 2017, and the Parties moved to Sweden in 2018 where the Child was born in April 2018. The Child's certificate of birth is attached herein as Exhibit 3. The Parties and the Child lived in Sweden, but would come back to the United States every ninety (90) days for ninety (90) days while the Parties were waiting on the Respondent's application for permanent Swedish residency to be approved.

7. The Parties married in the United States on August 10, 2020. Thereafter, they returned to Sweden in August 2020. The Parties signed a lease

for a home in Sweden from September 2020 to June 2021. The Parties' September 2020 lease is attached herein as Exhibit 4. The Child started preschool in Sweden at the Vendestigens preschool in November 2020. See Exhibit 5.

8. The Parties signed a new lease in June 2021 through June 2022 when they moved to Tyreso, Sweden. The lease is attached herein as Exhibit 6. The Child attended preschool at Slottsvillian preschool. See Exhibit 7.

9. In March 2020, the Respondent obtained permission from the Superior Court of Cobb County to relocate to Sweden with her two older children from a prior marriage. See Exhibit 8.

10. Respondent obtained permanent residency in Sweden on or about March 25, 2021 for herself and her two older children. See Exhibit 9.

11. On or about March 19, 2022, Respondent departed Sweden to the United States with the minor child against the wishes and without knowledge of the Petitioner. Respondent has permitted only limited phone contact with the minor child since her arrival in the United States.

12. On or about April 11, 2022 Petitioner submitted a Swedish Central Authority ("CCA") Application Under the Hague Convention on the Civil Aspects of International Child Abduction ("CCA Application") for the return of the Child.

13. On or about June 20, 2022, Petitioner filed for divorce and custody in Sweden to obtain sole custody of the Child, and a determination of residency of the Child in Sweden.

14. Swedish law presumes that both parents have equal right of custody unless and until a court has ordered custody to one party or the other or both.[1] An overview sheet of Swedish legislation on the children and parent's code regarding parental authority and custodial rights is attached as Exhibit 10.

## IV. WRONGFUL REMOVAL AND RETENTION OF THE CHILD BY RESPONDENT: CLAIM FOR RELIEF UNDER THE HAGUE CONVENTION

15. As set forth above, as of March 19, 2022, Respondent wrongfully removed the Child within the meaning of Article 3 of the Convention and continues to wrongfully retain the Child in the State of Georgia, United States of America, despite Petitioner's efforts to have the Child returned to Sweden.

16. Petitioner has never acquiesced nor consented to the permanent removal from and retention of the Child from Sweden to the United States of America.

17. Respondent's removal and retention of the Child is wrongful within

---

[1] Swedish Code of Statutes 1994:1433, Chpt. 6, Section 2.

the meaning of Article 3 of the Convention because:

    A.    At the time of the Child's removal from Sweden, Petitioner and Respondent were living jointly as a married couple and was actually exercising his rights of custody within the meaning of Articles 3 and 5 of the Convention and, but for Respondent's removal and retention of the Child, Petitioner would have continued to exercise those rights.

    B.    The Child was habitually a resident of Sweden within the meaning of Article 3 of the Convention, and Petitioner was exercising custody in accordance with the Parties' regular practice immediately before the Child's wrongful retention by Respondent.

18.    Respondent violated Petitioner's custodial rights by unilaterally removing the child from Sweden. See *Aldinger v. Segler*, No. 02-2624, 2002 U.S. Dist. LEXIS 26394 (D.P.R. Dec. 26, 2002).

19.    Respondent is presently wrongfully retaining the Child in the State of Georgia, County of Cobb.

20.    Petitioner has never consented to nor acquiesced to Respondent's wrongful retention of the Child in the United States and away from the Child's habitual residence.

21. The Child is four (4) years old. The Hague Convention applies to children under sixteen (16) years of age and thus applies to this Child.

22. Petitioner filed documents with the Swedish Authorities in June 2022 seeking the return of the Child.

## V. PROVISIONAL REMEDIES
## (22 U.S.C. § 9004 & HAGUE CONVENTION, ARTICLE 16)

23. Petitioner requests that this Court issue an immediate order pursuant to Article 12 of the Hague Convention restraining Respondent from removing the Child from the jurisdiction of this Court, and a warrant for the immediate physical custody of the Child, directing any United States Marshal or other law enforcement officer to bring the Child before this Court. Petitioner also asks that this Court schedule an expedited hearing on the merits of this Petition.

## VI. ATTORNEY FEES AND COSTS
## (22 U.S.C. § 9007 and HAGUE CONVENTION, ARTICLE 26)

24. Petitioner respectfully requests that this Court award him all costs and fees, including transportation costs, incurred to date as required by 22 U.S.C. § 9007 and Article 26 of the Hague Convention.

## VII. NOTICE OF HEARING
## (22 U.S.C. § 9003)

25.     Pursuant to 22 U.S.C. § 9003, Respondent shall be given notice of these proceedings in accordance with the laws governing notice in interstate child custody proceedings.

## VIII. RELIEF REQUESTED

WHEREFORE, Petitioner, ANDREAS HARRIS, prays for the following relief:

(a)     An immediate Temporary Restraining Order prohibiting the removal of the Child from the jurisdiction of this Court pending a hearing on the merits of this Verified Petition, and that Order further providing that no person acting in concert or participating with Respondent shall take any action to remove the Child from the jurisdiction of this Court pending a determination on the merits of the Verified Petition;

(b)     An immediate Order providing that Respondent shall turn over the Child's passport to the Petitioner's attorney pending final resolution of this matter;

(c)     The scheduling of an expedited Preliminary Injunction Hearing on the merits of the Verified Petition; an Order that Respondent show cause at this

hearing as to why the Child should not be returned to Sweden, and why such other relief requested in the Verified Petition should not be granted; and, pursuant to Federal Rule of Civil Procedure 65, an Order that the trial of the action on the merits be advanced and consolidated with the hearing on the Verified Petition;

(d) A Final Judgment in Petitioner's favor establishing that the Child shall be returned to Sweden;

(e) An Order requiring that Respondent pay Petitioner's expenses and costs, including transportation costs, under 22 U.S.C. § 9007 and Article 26 of the Hague Convention, such expenses and costs to be resolved via post judgment motion, consistent with the procedure outlined under Local Rule 54.2(A) of this Court; and,

(f) For any such further relief as may be just and appropriate under the circumstances of this case.

Respectfully submitted, this 21st day of July 2022,

PATRICIA D. SHEWMAKER
Georgia Bar No. 455069
Counsel for Petitioner
SHEWMAKER & SHEWMAKER, LLC

50 Technology Way Pkwy S
Peachtree Corners, Georgia 30092
Office 770-939-1939
pshewmaker@shewmakerlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE THE APPLICATION OF | * |
| | * |
| ANDREAS HARRIS, | * |
| Petitioner, | *  Civil Action File |
| | *  No.: |
| v. | * |
| | * |
| COURTNEY HAYNES, | * |
| Respondent. | * |
| | * |

## **VERIFICATION OF PETITION**

I am the attorney for the Petitioner, ANDREAS HARRIS. I make this Verification on behalf of Petitioner because Petitioner is absent from this country. The above document is true based on the above-identified attorneys' investigation to date and communications between Shewmaker & Shewmaker, LLC and Mr. Harris, except as to the matters that are stated in it on information and belief and as to those matters I believe to be true. I declare under penalty and perjury under the laws of the State of Georgia that the foregoing is true and correct.

This 21st day of July, 2022.

/s/ *signature*
PATRICIA D. SHEWMAKER
Georgia Bar No. 455069
Counsel for Petitioner
SHEWMAKER & SHEWMAKER, LLC
50 Technology Way Pkwy S
Peachtree Corners, Georgia 30092
Office 770-939-1939
pshewmaker@shewmakerlaw.com

## **CERTIFICATE OF FONT AND POINT SELECTION**

I hereby certify that the foregoing was prepared in Times New Roman font in 14 point type in compliance with Local Rule 5.1(C).

*/s/ Patricia D. Shewmaker*
PATRICIA D. SHEWMAKER
Georgia Bar No. 455069
Counsel for Petitioner
SHEWMAKER & SHEWMAKER, LLC
50 Technology Way Pkwy S
Peachtree Corners, Georgia 30092
Office 770-939-1939
pshewmaker@shewmakerlaw.com